[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14612
Non-Argument Calendar

_____

D. C. Docket No. 05-00114-CR-ORL-31KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL DENNIS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 23, 2007)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Carl Dennis Johnson appeals his 192-month sentence for possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). On appeal, Johnson argues that any sentence above the ten-year statutory mandatory minimum sentence for his offense is inherently "greater than necessary" because only the statutory minimum sentence is "necessary." Johnson does not raise any other argument regarding the reasonableness of his sentence, nor does he allege that the district court failed to address any of the § 3553(a) factors. On the contrary, Johnson acknowledges that the district court comprehensively reviewed the sentencing factors, as reflected in the record.

At the sentencing hearing, Johnson argued only that mandatory minimum sentences violate separation of powers because the courts, not Congress, have the authority to prescribe a punishment. Neither party had any further objections to the PSI calculations, which established that a guidelines sentence would be within the range of 262 to 327 months. In mitigation, however, Johnson argued that 27 years' imprisonment, which was near the maximum of the recommended range, was excessive, and that he was not "such a threat, such a harm or such a bad person as a 20-year sentence would seem to indicate." The government requested a 262-month sentence, which was at the low-end of the Guidelines range.

The district court, recognizing that it had an obligation to impose a sentence that was sufficient but not greater than necessary and to consider the 18 U.S.C. § 3553(a) factors, found that a Guidelines sentence would be disproportionate to the seriousness of the offense in this case, would promote disrespect for the law, and would not provide just punishment. The district court then sentenced Johnson to 192 months' imprisonment, which the court found to be a substantial sentence that would provide adequate deterrence. Johnson stated that he had no further objections. The government objected that, although the sentence did exceed the statutory minimum sentence, it was still unreasonable because it was 70 months below the Guidelines range.

On appeal, Johnson argues that the district court should only have imposed the statutory minimum sentence because only the statutory minimum sentence was "necessary," and the district court failed to articulate why a greater sentence was warranted. The government responds that the district court sufficiently articulated the basis for Johnson's sentence and did not impose an unreasonable sentence. This argument differs from that made by Johnson at sentencing. At sentencing, Johnson argued that mandatory minimum sentences were unconstitutional and that a Guidelines sentence was excessive in his case. In this appeal, Johnson does not challenge the constitutionality of mandatory minimum sentences but instead argues

3

that any sentence above the statutory mandatory minimum sentence violates 18 U.S.C. § 3553(a) because it is inherently "greater than necessary."

Because Johnson did not make either this argument to the district court or a related argument that he should have received a ten-year sentence, we review for plain error, see United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005). Under the plain error standard, Johnson must show that: (1) an error occurred; (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness of the judicial proceedings. Id. at 1328-29. Having reviewed the record, we find no error, plain or otherwise, in the district court's imposition of sentence.

Although we have not previously addressed whether sentences in excess of an applicable statutory minimum are inherently "greater than necessary," we have upheld such sentences to reasonableness challenges on numerous occasions, and we have never held that the district court is bound to impose a statutory minimum sentence. See, e.g., United States v. Dowd, 451 F.3d 1244, 1248-49, 1256-57 (11th Cir.), cert. denied, 127 S.Ct. 335 (2006). In the absence of any case law supporting his position, Johnson's argument that any sentence in excess of the ten-year statutory mandatory minimum is greater than necessary as a matter of law is not, even if considered erroneous, error that is plain.

**AFFIRMED.**